```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| THOMAS WINEBARGER, | : |
| | :Criminal Action No. 3:CR-09-279 |
| Petitioner | :Civil Action No. 3:14-CV-1892 |
| | : |
| v. | :(JUDGE CONABOY) |
| | : |
| UNITED STATES, | : |
| | : |
| Respondent. | : |
| | : |

---

## **MEMORANDUM**

Pending before the Court is Petitioner's 28 U.S.C. § 2255 Motion in which he seeks relief from his sentence of one hundred thirty-five months imprisonment which was imposed on June 21, 2012, following his earlier guilty plea to the charge of being a felon in possession of a weapon. (Doc. 114.[1]) Petitioner claims in his Motion that he is entitled to relief because his sentence should not have been enhanced relative to the Armed Career Criminal Act and his counsel was ineffective for failing to put forth a *mens rea* defense regarding the possession of a firearm. (Doc. 114 at 4-5.) I conclude that Petitioner has not shown he is entitled to relief on either basis.

## **I. Background**

After entering a not guilty plea on November 9, 2009, on December 22, 2009, Petitioner entered a plea of guilty to Count 1 of the September 15, 2009, Indictment in which he was charged with

---

[1] Criminal Docket numbers are cited.

being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 924(e) (Doc. 1 at 1). (Doc. 33.) Based on his criminal history, Petitioner qualified as an armed career criminal, a designation to which he formally objected. (Doc. 42.) This status raised Petitioner's base offense level from 12 (adjusted to 10 for acceptance of responsibility)to a total offense level of 30 and from criminal history category II to criminal history category IV. (Doc. 122 at 6.) Furthermore, the armed career criminal status subjected Petitioner to a minimum sentence of 15 years. (Doc. 122 at 7.) Absent this designation, the advisory guideline range for offense level 10 and criminal history category II was eight to fourteen months imprisonment. On October 6, 2010, the Court heard argument on the matter and rescheduled sentencing. (Doc. 20.)

On March 8, 2011, the Court found Petitioner to be an armed career criminal and, after receiving a cooperation motion pursuant to 18 U.S.C. § 3553(e) from the government, sentenced him to time served and five years of supervised release. (Doc. 67; Doc. 122 at 7.)

The government appealed, claiming in part that the sentence imposed was procedurally unreasonable because it reduced Petitioner's sentence below the mandatory minimum sentence of imprisonment based on factors unrelated to Petitioner's cooperation with the government. (Doc. 122 at 1-2.) The Court of Appeals for

2

the Third Circuit agreed, vacated the judgment of sentence and remanded for resentencing. *United States v. Winebarger*, 664 F.3d 388, 392, 297 (3d Cir. 2011).

This Court resentenced Petitioner on June 21, 2012, to a term of imprisonment of 135 months. (Docs. 104, 106.) Petitioner appealed, arguing the District Court erred by failing to apply the factors set out in 18 U.S.C. § 3553(a) in imposing the sentence of 135 months. *United States v. Winebarger*, 516 F. App'x 165, 166 (3d Cir. 2013) (not precedential). The Circuit Court disagreed, reiterating its position "'that the limited statutory authority granted by § 3553(e) does not authorize a district court to reduce a sentence below a statutory minimum based on considerations unrelated to that defendant's substantial assistance to law enforcement authorities.'" *Id.* (quoting *Winebarger*, 664 F.3d at 397). Therefore the Circuit Court affirmed the judgment of the District Court. *Id.* at 167.

On September 29, 2014, Petitioner filed the 28 U.S.C. § 2255 motion under consideration here claiming he is entitled to relief because his sentence should not have been enhanced relative to the Armed Career Criminal Act and his counsel was ineffective for failing to put forth a *mens rea* defense regarding the possession of a firearm. (Doc. 114 at 4-5.) On October 6, 2014, the Court issued an Order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000),

3

and attached a Notice of Election. (Doc. 116.)

> Petitioner is advised that (1) he can have the petition ruled on as filed, that is, as a § 2255 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act.
>
> You are advised that if you dismiss the instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition. (Doc. 116 at 1-2.)

Petitioner did not timely file the Notice of Election. However, the Court allowed Petitioner an additional opportunity to do so by Order of December 2, 2012. (Doc. 118.) Petitioner filed his Notice of Election on December 12, 2014, indicating the following:

> I have labeled my petition as a petition for writ of habeas corpus under 28 U.S.C. § 2255. I choose to have the court rule on my petition as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this petition. I further understand that by doing so I lose my ability to file a second or successive petition absent certification by the Court of Appeals, and that the potential for relief is further limited in a second or successive petition.

(Doc. 119 at 1.) The Notice of Election signed by Petitioner contains a clear warning of the importance of the Notice and its effects: "YOUR ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO

4

MAKE AN ELECTION, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION." (*Id.*)

The Government filed its opposition brief on December 23, 2014. (Doc. 122.) As to Petitioner's claim that he was improperly designated an armed career criminal, the Government asserted his failure to raise the issue on direct appeal is fatal to the claim now and an attempt to overcome the procedural default on the basis of actual innocence is unavailing. (*Id.* at 10-14.) As to his claim that his trial counsel was ineffective for failure to challenge *mens rea* regarding his firearms charge, the Government argues Petitioner cannot satisfy the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). (Doc. 122 at 14-19.)

Petitioner filed a reply brief on January 9, 2015. (Doc. 123.) Petitioner raises a new claim in this brief, asserting for the first time that counsel was ineffective regarding the ACCA enhancement. (*Id.* at 4, 8.)

The Court requested the Government to respond to this new claim by Order of January 12, 2015. (Doc. 124.) The Government filed the brief on February 4, 2015, asserting the claim is time-barred and without merit. (Doc. 128 at 5-15.) Petitioner filed a reply on July 13, 2015. (Doc. 137.)

By Order of March 3, 2015, the Court stayed the § 2255 motion

5

based on Petitioner's request and the Government's agreement to do so pending the United States Supreme Court's decision in *Johnson v. United States*, No. 13-7120 (2015). (Docs. 127, 132, 134.) The Court decided *Johnson* on June 26, 2015, holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. *Johnson v. United States*, —--U.S.—--, 135 S. Ct. 2551 (2015).

The Government filed a brief addressing the impact of *Johnson* on Petitioner's § 2255 motion on September 2, 2015. (Doc. 142.) The Government maintains that Petitioner was not found to be an armed career criminal under the residual clause of the ACCA and, therefore, *Johnson's* holding does not impact this case. (*Id.* at 10-14.) In his reply filed on September 15, 2015, Petitioner does not assert that *Johnson* applies to his case. (Doc. 143.) Rather, he primarily reiterates his argument that the conduct related to his December 2, 1981, conviction for simple assault does not qualify as an offense under the ACCA. (*Id.* at 3-5.) In this brief Petitioner asserts that the one-to-two year sentence imposed on December 2, 1981, was later reduced to six to twelve months. (Doc. 143 at 3, 4, 5.)

## **II. Discussion**

As set out above, Plaintiff raises two claims in his § 2255 Motion (Doc. 114) and one in his January 9, 2015, reply brief (Doc.

123). For the reasons discussed below, the Court concurs with the Government that the claim raised in Petitioner's January 9, 2015, brief is untimely and Plaintiff has not satisfied his burden of presenting sufficient evidence to support the claims raised in his Motion.

In pertinent part, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (*abrogated on other grounds by Gonzalez v. Thaler*, ---U.S.---, 132 S. Ct. 641, 649-50 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997)). If a claim is available to a defendant and is not raised on direct review, it is "procedurally defaulted." A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

7

### *A. Armed Career Criminal Status*

In Ground One of his Motion, Petitioner asserts "actual innocence of armed career offender enhancement." (Doc. 114 at 4.) I conclude Petitioner has not shown he is entitled to relief based on his claim that he was improperly designated an armed career criminal.

Petitioner's claim that he is actually innocent of the armed career offender enhancement is, as the Government asserts, a claim that his 1980 Pennsylvania simple assault conviction should not have been considered a predicate violent felony for purposes of the Armed Career Criminal Act. (Doc. 114 at 4; Doc. 122 at 2, 9.) 18 U.S.C. § 924(e)(2)(B) defines what constitutes a violent felony.

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

The Court considered Petitioner's argument on this issue prior to sentencing and Petitioner did not appeal the decision that the

8

1980 simple assault conviction was properly considered a predicate offense. Petitioner does not present any new evidence but states in his Motion that the use of the simple assault conviction does not comport with the Supreme Court's decision in *Deschamps.* (Doc. 114 at 4.) Assuming Petitioner is referring to *Deschamps v. United States*, —--U.S.—--, 133 S. Ct. 2276 (2013), the Government contends that *Deschamps* does not provide Petitioner with support for his actual innocence claim, and, even if it did, it is not applicable to cases on collateral review. (Doc. 122 at 12.) Petitioner does not develop how *Deschamps* entitles him to relief nor does he refute the Government's argument. (*See* Docs. 114, 123.) In his reply brief, Petitioner points the Court to *United States v. Heilman*, 377 F. App'x 157 (3d Cir. 2010), in support of his argument that this Court committed reversible error in finding the simple assault conviction to be a predicate offense. (Doc. 123 at 6.) Again, Petitioner does not elaborate how *Heilman* supports his position that he is entitled to collateral relief. (*Id.*) *Heilman* addressed the use of a Pennsylvania simple assault conviction as a predicate offense; it did not consider the issue in the context of collateral relief nor does our reading of the case provide support for Petitioner's vague assertions.

Similarly, although this action was stayed pending the Supreme Court's decision in *Johnson v. United States*, No. 13-7120 (2015), Petitioner does not ultimately argue that he is entitled to relief

9

pursuant to *Johnson*, ---U.S.---, 135 S. Ct. 2551 (2015). (Doc. 134; Doc. 143.) As discussed by the Government, *Johnson* invalidated only part of the definition of "violent felony" under the ACCA, the "residual clause," and the portion of the statute under which Petitioner was determined to be an armed career criminal was undisturbed. (Doc. 142 at 8-10.) In his reply brief, Petitioner does not assert that he was considered an armed career criminal under the residual clause of § 924(e)(2)(B)(ii). Rather, he continues to argue his position that the simple assault cannot be a predicate violent felony:

> Based on the plea hearing, it was clear Mr. Winebarger never used force, attempted to use force or threatened to use force. There is nothing in the record indicating he did. Having demonstrated such, no violent act occurred respecting an enhancement of 134 months under the ACCA. Furthermore, Mr. Winebarger affirmatively asserts that his actions were reckless.

(Doc. 143 at 3.)

Unfortunately for Petitioner, the plea hearing colloquy does not support his conclusion. On February 6, 1981, a plea colloquy took place in the Court of Common Pleas of Tioga County, Pennsylvania, between Petitioner and Judge Robert Kemp. Judge Kemp stated:

> You also plead guilty to simple assault, and in this case, it's alleged that on December 2, 1980, you did unlawfully attempt to cause, or intentionally or knowingly cause bodily injury to another, to wit, that you tore the clothes off David Miles, while an attempt was

10

> being made to rape the said David Miles.
> That's an allegation in the information?

(Doc. 52 at 6.) Petitioner answered "[y]es." (*Id.*) At the end of the hearing, Petitioner's attorney William Caprio stated the following: "He understands that those charges, what all was read, is acceptable to him. He understands he is only pleading guilty to two charges, already specified." (Doc. 52 at 9.)

While Petitioner may now seek to describe his conduct as "reckless," the plea colloquy clearly shows that he pled guilty to conduct that was more than reckless. His current attempts to limit his culpability are unavailing. This is particularly so in that he presents no evidence that the conduct to which he pled guilty was amended by a later proceeding. In his last filing, Petitioner states that he was resentenced for his simple assault charge to a term of 6-12 months rather than the 1-2 years initially imposed "automatically foreclosing any predicate for enhancement" (Doc. 143 at 3; see also Doc. 143 at 4, 5), but he presents no evidence in support of this assertion.[2] Because Petitioner has not met his burden of showing he is entitled to relief on this issue, his Motion is denied as to Ground One.

---

[2] As noted by the Government, in this collateral proceeding, Petitioner bears the burden of showing he is entitled to relief by showing that his designation as an Armed Career Criminal was improper. (Doc. 142 at 14 n.7.)

## B.  *Ineffective Assistance of Counsel*

In Ground Two of his Motion, Petitioner asserts "ineffective assistance of counsel, for failure to put forth an affirmative defense of mens rea" regarding the possession of the firearm. (Doc. 114 at 5.)  In a later filing, Petitioner also claims ineffective assistance of counsel regarding his ACCA designation. (Doc. 123 at 8.)

Claims of ineffective assistance of counsel may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  To be successful on an ineffective assistance claim, a defendant must satisfy the two-part test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that his counsel's performance was deficient.  *Id.* at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*  In light of all the circumstances, the reviewing court must determine whether "the identified acts or omissions were outside the wide-range of professionally competent assistance."  *Id.* at 690.  Second, the defendant must show that "the deficient performance prejudiced the defense."  *Id.* at 687.  This means he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

12

different." *Id.* at 694.

As discussed below, Petitioner cannot satisfy this test with either ineffectiveness claim.

1. **Possession of Firearm *Mens Rea***

In his Motion, Petitioner asserts that his counsel failed to render effective assistance "when he abdicated his duty to affirmatively challenge whether there was mens rea regarding the possession of the firearm, for an enhancement." (Doc. 114 at 5.) He adds that he was prejudiced by counsel's deficient performance in that he received a sentence "over 100 months than he would have received . . . . The record is clear that no crime was committed as evidenced from the court." (*Id.*) I conclude Petitioner has not shown he is entitled to relief on this basis.

As discussed by the Government, with this claim Petitioner seeks to revisit his guilty plea. (Doc. 122 at 18.) In the Statement of Defendant and in open court, Petitioner acknowledged his understanding of his rights and the nature of the charges against him, the implications of his guilty plea, and that he was in fact guilty of the crime charged. (Doc. 27; Doc. 122 at 18.) He points to no evidence that he expressed reservations then or that his counsel improperly influenced him. Therefore, Petitioner presents no evidence that counsel was deficient. Therefore, Petitioner has not satisfied his burden of showing he is entitled to relief on Ground Two of his motion.

## 2. **Armed Career Criminal Designation**

As noted above, Plaintiff raises a third claim in his brief filed in reply to the Government's opposition to his Motion–-that counsel was ineffective for not properly investigating the 1980 simple assault, not objecting to the Court's conclusion that the simple assault was a predicate offense for ACCA purposes, and not raising the issue on appeal. (Doc. 123 at 8.) I conclude Petitioner is not entitled to relief on this basis.

As argued by the Government, this claim is not properly raised in Petitioner's reply brief and filed outside the one-year limitation period applicable to § 2255 motions. (Doc. 128 at 7-9.) In subsequent filings, Petitioner does not argue otherwise. Furthermore, as discussed by the Government, Petitioner could not show that counsel's performance was deficient in that the February 6, 1981, plea colloquy establishes that Petitioner pled guilty under the intentional and knowing language of the Pennsylvania simple assault statute and his counsel could not be considered ineffective for arguing otherwise. (Doc. 128 at 9-15.)

## III. Conclusion

For the reasons discussed above, Petitioner's 28 U.S.C. § 2255 Motion is properly denied. An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: October 15, 2015

14