# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **3:09-CR-0279** |
| | : |
| **v.** | : **(Judge Conaboy)** |
| | : |
| **THOMAS WINEBARGER** | : **(Electronically Filed)** |

## MOTION TO CORRECT SENTENCE
## UNDER 28 U.S.C. § 2255

Petitioner, Thomas Winebarger, through undersigned counsel, Melinda C.

Ghilardi, Esquire, First Assistant Federal Public Defender, respectfully files this

motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 in light of

*Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015).[1]

## Procedural and Factual Background

On September 15, 2009, an Indictment was filed in the Middle District of

Pennsylvania charging Mr. Winebarger with possession of a firearm by a convicted

felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & 924(e) and containing a

count of criminal forfeiture. (Doc. 1). Within the Indictment, Mr. Winebarger's

---

[1] On November 6, 2015, Chief Judge Christopher C. Conner issued Standing Order 15-06 to appoint the Federal Public Defender's Office to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania who may be eligible to seek a reduced sentence based upon the application of *Johnson* and to seek any sentencing relief for such persons by filing for federal habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson* and by presenting any petitions, motions or applications relating thereto to the Court for disposition.

prior convictions, punishable by imprisonment for a term exceeding one year, were listed as: (1) one count of Theft and one count of Burglary, in Bradford County, Pennsylvania on September 18, 1975; (2) one count of Escape, in Centre County, Pennsylvania on November 8, 1976; (3) one count of Simple Assault, in Tioga County, Pennsylvania on March 2, 1981. (Doc. 1 at 1). On December 22, 2009, Mr. Winebarger pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & 924(e). (Doc. 33). A Presentence Report was prepared and, although the particular predicate offenses were not identified as such in the Presentence Report, Mr. Winebarger had, *inter alia*, the prior Pennsylvania convictions for burglary, escape and simple assault. (PSR ¶¶ 25, 26 & 29).[2]

---

[2] Notably, Mr. Winebarger's prior conviction for simple assault in Pennsylvania could not have qualified as a violent felony pursuant to 18 U.S.C. § 924(e)(2)(B). Simple assault in Pennsylvania is a misdemeanor in the second degree in most instances, and the provision for charging a misdemeanor in the first degree if committed against a child (which would have been inapplicable here) was not added until more than a decade after Mr. Winebarger's conviction. *See* Act of Dec. 19, 1988, P.L. 1275, No. 158, §1 (amending the Simple Assault statute to include a misdemeanor of the first degree offense). For purposes of the ACCA, "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include— any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). However, it appears, based on a misapplication of the law, Mr. Winebarger's simple assault conviction was used as a predicate offense.

2

Mr. Winebarger had no other prior convictions which would qualify as violent felonies or serious drug offenses pursuant to 18 U.S.C. § 924(e). His other prior convictions included larceny, possession of stolen property, theft, petit larceny and possession of marijuana. (PSR ¶¶ 11-25, 27-28 & 30). Even though Mr. Winebarger's conviction for simple assault in Pennsylvania could not qualify as a predicate offense and he only had two qualifying convictions, burglary and escape, Mr. Winebarger was sentenced under the Armed Career Criminal Act (ACCA) which subjected him to a mandatory minimum term of incarceration of 15 years and a maximum of life. 18 U.S.C. § 924(e).

Within the Presentence Report, the Probation Office calculated Mr. Winebarger's guideline range to be 135 to 168 months based on an offense level of 30 and a criminal history category of IV, which became a term of 180 months based on the mandatory minimum term of imprisonment. (PSR ¶ 57). Mr. Winebarger filed objections to the Presentence Report and subsequently filed a brief in support of his objections, setting forth an argument that Pennsylvania simple assault is not a crime of violence following the opinions in *Begay v. United States*, 553 U.S. 137 (2008) and *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009), and requesting that the Court find that he is not an armed career criminal. (Doc. 42). On October 6, 2010, the District Court held a hearing with regard to

Mr. Winebarger's objection to his classification as an armed career criminal and although his prior conviction for simple assault was discussed at length, no one addressed the fact that it did not qualify as an ACCA predicate pursuant to the definition set forth in Section 921(a)(20)(B).  (Doc. 53).  The government focused its argument on whether Mr. Winebarger pled to the knowing and willful portion of the simple assault statute as opposed to the reckless portion.  (Doc. 53 at 14).  Following much argument regarding Mr. Winebarger's prior conviction for simple assault and some argument regarding his prior conviction for burglary, this Court declined to make a decision from the bench and opted to consider the matter further.  (Doc. 53 at 41-44).

This Court eventually scheduled sentencing for March 8, 2011, and at the beginning of the sentencing hearing announced its decision that Mr. Winebarger qualified for the mandatory minimum term of imprisonment as an armed career criminal.  (Doc. 69 at 4-5).[3]  Next, this Court granted the government's motion for a downward departure, which permitted the Court to sentence below the mandatory minimum term of imprisonment set by the statute.  (Doc. 69 at 7).  This Court

---

[3] Although there appeared to be some confusion with the Court stating that Mr. Winebarger qualified "as a career offender under the guidelines," ultimately the Court noted that Mr. Winebarger qualified for the mandatory minimum under the statute.  (Doc. 69 at 5).

sentenced Mr. Winebarger to time served and supervised release for five years. (Doc. 69 at 21). This sentence was based on the government's motion and a consideration of the factors set forth in 18 U.S.C. § 3553(a). On appeal, the Third Circuit vacated the judgment of sentence and remanded for resentencing. *United States v. Winebarger*, 664 F.3d 388 (3d Cir. 2011). On June 26, 2012, this Court resentenced Mr. Winebarger to a term of 135 months, departing from the mandatory minimum term of 180 months based only upon the downward departure motion of the government. (Doc. 106). This time on appeal the Third Circuit affirmed. *See United States v. Winebarger*, 516 F. App'x 165 (3d Cir. 2013). Mr. Winebarger is currently in federal custody at the Federal Correctional Institution Otisville.

On September 29, 2014, Mr. Winebarger filed his first motion pursuant to 28 U.S.C. § 2255, alleging "actual innocence of armed career offender enhancement" and arguing that his Pennsylvania simple assault conviction did not qualify as a predicate based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and alleging ineffective assistance of counsel. (Doc. 114). During briefing, Mr. Winebarger filed a "Motion to Stay Motion Under Title 28 U.S.C. § 2255" requesting that the District Court stay the proceedings in his case pending a decision by the United States Supreme Court in *Johnson v. United States*, No. 13-

7120. (Doc. 127). Following briefing on that motion, by Order of March 3, 2015, this Court granted Mr. Winebarger's motion to stay. (Doc. 134). Following the Supreme Court's decision in *Johnson*, by Order of July 2, 2015, this Court directed the government to file a brief regarding the impact of *Johnson* on Mr. Winebarger's matter and any further argument concerning the merits of Mr. Winebarger's Section 2255 action. (Doc. 135). Although Mr. Winebarger did not file an amendment to his pleadings to add a claim based on *Johnson*, on September 14, 2015, he filed a "Supplemental Response to Government's Second Supplemental Brief in Opposition to Movant's Motion Under Title 28 U.S.C. § 2255" in which he attempted to argue that his Pennsylvania simple assault conviction does not qualify as a predicate offense because he never used force, attempted to use force or threatened to use force in the commission of the offense. (Doc. 143 at 3). By Memorandum and Order dated October 15, 2015, the Court denied Mr. Winebarger's motion under 28 U.S.C. § 2255. (Docs. 145 & 146).

Mr. Winebarger argues that in light of *Johnson* none of his predicate offenses qualify as violent felonies and his sentence violates due process of law. Mr. Winebarger's currently imposed sentence of 135 months is illegal and immediate relief is required. *Montgomery v. Louisiana*, 136 S. Ct. 718, 730

(2016)(noting that a conviction under an unconstitutional law "is not merely erroneous but illegal and void, and cannot be a legal cause of imprisonment.").

He respectfully requests that this Court grant this motion, vacate his sentence, and resentence him without the enhanced penalty of the ACCA.[4]

## Basis for 28 U.S.C. § 2255 Relief

**I.    Mr. Winebarger's Current Sentence Imposed Under the Armed Career Criminal Act Exceeds the Statutory Maximum and Violates Due Process of Law.**

On June 26, 2015, the Supreme Court declared that the residual clause of the ACCA, which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. The Court reasoned that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Thus, "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Id.* The Court held the residual

---

[4] Because Mr. Winebarger has previously sought relief under 28 U.S.C. § 2255, he has filed in the Court of Appeals for the Third Circuit an Application to File a Successive Motion to raise the within *Johnson* claim. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C). This Motion has been attached as Exhibit 1 to that Application.

clause "vague in all its applications" and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States,* 131 S. Ct. 2267 (2011). 135 S. Ct. at 2561-63.

A defendant is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Winebarger is entitled to relief on both grounds. Because his prior convictions no longer qualify as "violent felonies" in light of *Johnson*, he is not an armed career criminal. His current sentence exceeds the 10 year statutory maximum for a non-ACCA offense and it violates due process. *See, e.g., United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015)(holding that movant was entitled to Section 2255 relief where the original ACCA sentence was rendered invalid by a subsequent change of law, and explaining that a change that reduces a defendant's statutory maximum sentence below the imposed sentence has long been cognizable on collateral review).

## II.   In Light of *Johnson*, Mr. Winebarger's Prior Pennsylvania Convictions Are No Longer Violent Felonies.

A previous adult conviction qualifies as a "violent felony" under the ACCA if it is punishable by imprisonment for more than one year and (1) has as an

element the use, attempted use, or threatened use of physical force against the person of another [force clause]; (2) is burglary, arson, or extortion or involves use of explosives [enumerated offenses]; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]. 18 U.S.C. § 924(e)(2)(B). The term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B).

*Johnson* invalidated the "residual clause." 135 S. Ct. at 2557. Thus, following *Johnson*, the residual clause may not serve as a legal basis for finding that Mr. Winebarger has been convicted of a violent felony. To qualify as a violent felony, the crime must either have as an element the use, attempted use, or threatened use of physical force against the person of another or the elements of the crime must match the generic form of the enumerated crimes of burglary, arson, extortion or crimes involving explosives. 18 U.S.C. § 924(e)(2)(B).

With regard to the force clause, the 2010 *Johnson* decision of the United States Supreme Court is instructive. The Court defined "physical force" under the identical ACCA force clause to mean strong, "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*,

559 U.S. 133, 140 (2010)(emphasis in original). The Supreme Court analyzed the phrase "actually and intentionally touching" in a case involving a Florida battery statute and rejected the contention that it had "as an element the use, attempted use, or threatened use of physical force against the person of another." The Court found, relying on Florida Supreme Court's precedent, that "the element of 'actually and intentionally touching' under Florida battery law is satisfied by *any* intentional physical contact, 'no matter how slight.'" *Id.* at 138 (citation omitted)(emphasis in original). In analyzing "physical force," the Supreme Court concluded that the definitions of the term "suggest a degree of power that would not be satisfied by the merest touching." *Id.* at 139. The Court concluded that Florida battery was not a "violent felony" under the ACCA.

With regard to the enumerated offenses, courts are to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The conviction qualifies as a predicate "only if the statute's elements are the same as, or narrower than, those of the generic offense. *Id.* If the statute is overbroad but divisible into alternative elements, the modified categorical approach is applied to look beyond the elements of the crime to determine which set of elements formed the basis of the defendant's

10

conviction. *United States v. Brown*, 765 F.3d 185, 190 (3d Cir. 2014)("It bears repeating that the modified categorical approach is 'applicable only to divisible statutes.'")(citing *Descamps*, 133 S. Ct. at 2285). If the statute is indivisible, containing a single, indivisible list of elements or alternative means of committing the crime, the inquiry ends and the modified categorical approach does not apply. *Brown*, 765 F.3d at 191.

Following *Johnson*, Mr. Winebarger's prior convictions do not qualify as predicate offenses.[5] They do not satisfy the force clause and are not enumerated offenses. Thus, Mr. Winebarger no longer qualifies for the enhanced penalty under the ACCA.

A. **Pennsylvania Simple Assault as a Misdemeanor of the Second Degree Was Never a Violent Felony and Is Definitely Not a Violent Felony Under the Force Clause or the Enumerated Offenses.**

According to the Presentence Report, in 1980, Mr. Winebarger was charged with simple assault in Tioga County and convicted the following year. (PSR ¶ 29).

---

[5] Mr. Winebarger's prior conviction for simple assault in Pennsylvania should never have qualified as a violent felony because it is a state misdemeanor punishable by a term of imprisonment of two years or less; however, based on a misapplication of the law, his simple assault conviction was found to be a predicate offense. Thus, he will address Pennsylvania simple assault in light of *Johnson*.

At the time of his charge and conviction, the applicable Pennsylvania statute

provided:

> A person is guilty of assault if he:
> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
> (2) negligently causes bodily injury to another with a deadly weapon; or
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa. C.S. § 2701(a)(effective June 6, 1973 to August 20, 2001).[6]  In addition, the

offense was graded as a misdemeanor of the second degree.[7]

The Pennsylvania simple assault statute has been considered repeatedly by

the Third Circuit with respect to whether it qualifies as a crime of violence and has

been found to be a crime of violence under the residual clause.  In fact, at the time

---

[6] In August, 2001, a fourth subsection was added charging that a person is guilty of assault if he "conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person."  18 Pa. C.S. § 2701(a)(4).  Today the elements of the crime remain the same; however, the wording of the beginning of the statute was amended to insert "[e]xcept as provided under subsection 2702 (relating to aggravated assault)."  18 Pa. C.S. § 2701 (effective January 1, 2014).

[7] *See* Act of Dec. 19, 1988, P.L.  1275, No. 158, §1 (amending the Simple Assault statute to include a misdemeanor of the first degree if the offense was committed against a child).  Because Mr. Winebarger's offense occurred in 1980, the amendment is not applicable.

that Mr. Winebarger was sentenced in federal court in 2011 and resentenced in 2012, simple assault in Pennsylvania was clearly a crime of violence under the residual clause. *See United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999)(finding that subsections (a)(1), (a)(2), and (a)(3) necessarily involve conduct that presents a serious potential risk of physical injury); *United States v. Johnson*, 587 F.3d 203, 211 (3d Cir. 2009)(finding that an intentional or knowing violation of subsection (a)(1) poses a risk of injury that is more or less comparable to the enumerated offenses); *United States v. Marrero*, 743 F.3d 389, 396 (3d Cir. 2014)(finding that subsection (a)(1) is a divisible statute setting forth three separate mental states and permitting the use of the documents approved in *Shepard* to determine if the defendant was convicted of intentional or knowing conduct). In *Marrero*, the Third Circuit continued its analysis of the statute under the residual clause and focused on whether subsection (a)(1) was divisible, permitting application of the modified categorical approach. 743 F.3d at 395-96.[8]

_____

[8] Mr. Winebarger reserves the right to make any other applicable arguments and to challenge the Third Circuit's decision that subsection (a)(1) of the simple assault statute setting forth three different mental states is divisible, *Marrero*, 743 F.3d at 396, following the decision of the United States Supreme Court in *Mathis v. United States*, No. 15-6092 (cert. granted Jan. 19, 2016, argument April 26, 2016). In *Mathis*, the Court is expected to decide whether the modified categorical approach may be used whenever there is an "or" between the methods of committing the offense or whether it may be used only when those methods are actually elements.

13

After the Third Circuit's decision in *Johnson*, the focus at Mr. Winebarger's sentencing hearing was whether his conviction for simple assault was based on a knowing or intentional violation of the statute as opposed to a reckless violation. Consequently, the government produced the transcript of the guilty plea colloquy to show that Mr. Winebarger's actions were knowing and intentional. (Doc. 52 at 10-13). At the actual sentencing proceeding, this Court announced that Mr. Winebarger qualified for sentencing under the ACCA, but did not specifically announce which definition of Section 924(e)(2)(B) applied. The Court only found that Mr. Winebarger had the requisite prior convictions to qualify for the mandatory minimum term of imprisonment. (Doc. 69 at 5). The Court did not specify whether simple assault qualified under the force clause or the residual clause; however, based on Third Circuit precedent at the time, it is logical to conclude that this Court's determination was based on the residual clause.[9]

Following *Johnson*, Pennsylvania's simple assault statute, which has previously been found to be a crime of violence under the residual clause, is no

---

[9] The government attempted to argue in response to Mr. Winebarger's previous proceedings under Section 2255 that because Mr. Winebarger's simple assault was committed intentionally, it qualified under the force clause. (Doc. 142 at 12-14). In addition, this Court seems to accept that argument, (Doc. 145 at 6, 10); however, it is not supported by the actual record.

longer a crime of violence.  Clearly the offense is not an enumerated offense.  *See Marrero*, 743 F.3d at 394.  Further, simple assault does not have as an element the use, attempted use or threatened use of physical force against the person of another.

Simple assault requires the causation of bodily injury or fear of imminent serious bodily injury without specifying any particular means—forcible or otherwise—by which that harm may be caused.  Physical force and bodily injury are not the same thing.  *See United States v. Otero*, 502 F.3d 331 (3d Cir. 2007)(finding that Pennsylvania simple assault is not a crime of violence).  Bodily injury may be caused by a range of means that do not involve the use, attempted use or threatened use of physical force.  *See, e.g., United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012)(explaining serious bodily injury can be caused by poisoning, which does not require the use or threatened use of force); *United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005)(bodily injury can be caused without the use of force by, for example, recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals); *Chrzanoski v.*

*Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003)(physical harm can be caused by "guile [or] deception" rather than force). [10]

Pennsylvania simple assault is never a violent felony by definition under the ACCA and it is not a violent felony under the force clause. Following *Johnson*, the residual clause may not serve as a basis for finding that a prior conviction is a violent felony. Thus, Mr. Winebarger is no longer an armed career criminal.

### B. Pennsylvania Escape Is Not a Violent Felony Under the Force Clause or the Enumerated Offenses.

Based on his arguments with regard to simple assault, Mr. Winebarger no longer has the requisite number of predicate offenses for the enhanced penalty under the ACCA. However, he also argues that his prior Pennsylvania conviction for escape is not a violent felony following *Johnson*.

According to the Presentence Report, Mr. Winebarger was convicted of escape in Centre County in 1976. (PSR ¶ 26) At that time, the applicable statute provided in relevant part:

---

[10] In its prior brief, the government relies on *Singh v. Gonzales*, 432 F.3d 533 (3d Cir. 2006), in which the Third Circuit found that Pennsylvania simple assault was a crime of violence for purposes of an immigration issue under 18 U.S.C. § 16. *Singh* was decided prior to the United States Supreme Court's decision in *Johnson* in 2010 interpreting the force clause and dealt specifically with subsection (a)(3) of the simple assault statute and the term "physical menace." *Id.* at 539-40.

A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa. C.S. § 5121(a) (statute in effect from June 6, 1973, to November 25, 2014).[11]  The offense is a misdemeanor of the second degree; however, it becomes a felony of the third degree where:

(i)  the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii)  the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

18 Pa. C.S. § 5121(d).  Although nothing in the record indicates the degree of Mr. Winebarger's offense, based on the sentence of 21 to 48 months set forth in the Presentence Report, (PSR ¶ 26), he must have been convicted of a felony of the third degree.[12]

---

[11] Today the elements of the crime are the same; however, the grading has been amended.  18 Pa. C.S. § 5121 (effective Nov. 26, 2014).

[12] In Pennsylvania a misdemeanor of the second degree is punishable by not more than two years.  18 Pa. C.S. § 1104.  A felony in the third degree is punishable by not more than seven years.  18 Pa. C.S. § 1103.

Prior to *Johnson*, and at the time that Mr. Winebarger was sentenced in federal court in 2011 and resentenced in 2012, a Pennsylvania conviction for escape was considered a crime of violence under the residual clause. *See United States v. Luster*, 305 F.3d 199, 202 (3d Cir. 2002)(finding that escape by its nature presents a serious potential risk of physical injury to another). In 2009, the United States Supreme Court found that a "failure to report" offense under Illinois law did not involve conduct that presents a serious potential risk of physical injury to another. *Chambers v. United States*, 555 U.S. 122, 127-28 (2009). In a case that was vacated and remanded following *Chambers*, the Third Circuit agreed that misdemeanor escape under Pennsylvania law, which included unlawfully removing oneself from arrest without employing force, threat, deadly weapon or other dangerous instrumentality, did not qualify as a crime of violence under the residual clause. *United States v. Hopkins*, 577 F.3d 507, 514 (3d Cir. 2009)(defendant's prior conviction for escape was based on his flight from an officer who was attempting to arrest him on a misdemeanor charge, and such conduct did not present a serious potential risk of injury to another comparable to the enumerated offenses). However, Pennsylvania felony escape may also be a crime of violence under the residual clause. A person may be guilty of felony escape if he "unlawfully removes himself from official detention or fails to return to official

detention following temporary leave" and he was "under arrest for or detained on a charge of felony; convicted of a crime; or found to be delinquent of an offense, which if committed by an adult, would be classified as a felony . . . ." 18 Pa. C.S. § 5121. This type of escape clearly does not have as an element the use, attempted use, or threatened use of physical force.

The Third Circuit has treated Pennsylvania escape as a divisible statute, setting forth separate elements as opposed to alternative means for committing the crime; however, the Court has continued to analyze the statute under the residual clause. *See United States v. Ford*, 363 F. App'x 903 (3d Cir. 2010). The Court found that "escape from custody" and "failure to return to custody" are separate elements. When a statute is divisible a court may apply a "modified categorical approach" to determine which version resulted in the defendant's conviction. *Descamps*, 133 S. Ct. at 2285. However, the court first must be sure that at least one divisible set of elements is a crime of violence in all instances. *Brown*, 765 F.3d at 190-91 (quoting *Descamps*, 133 S. Ct. at 2285). If no version of a divisible statute is a crime of violence in all circumstances, the inquiry ends. *Brown*, 765 F.3d at 191.

No version of Pennsylvania felony escape has as an element the use, attempted use, or threatened use of physical force against the person of another.

19

Further, escape is not an enumerated offense. Thus, it cannot be a crime of violence following *Johnson*. The only version which could arguably qualify is a removal from official detention or failure to return to official detention following temporary leave when the actor "employs force, threat, deadly weapon or dangerous instrumentality to effect the escape." 18 Pa. C.S. § 5121(d)(1)(ii). However, upon a closer review, the force must only be employed to effect the escape. The statute does not require that the force be employed against the person of another as required under the ACCA. 18 U.S.C. § 924(e)(2)(B)(i). In addition, the deadly weapon or dangerous instrumentality must only be employed to effect the escape and not against the person of another. Further, the statute does not require a particular degree of force or employment of the weapon in accordance with *Johnson*, 559 U.S. at 140. A person may use a dangerous instrumentality such as a hacksaw to effect an escape but never employ any force whatsoever against the person of another.

Moreover, because nothing in the record identifies the particular version of the Pennsylvania escape statute involved in Mr. Winebarger's conviction,[13] and

---

[13] The Presentence Report provides some details of the offense. (PSR ¶ 26). However, "the factual circumstances of the conviction are not what matter, the key is the elements of the crime." *Brown*, 765 F.3d at 194. Moreover, the Presentence Report is not an approved document for determining which version of a divisible

because the least of the acts in the statute do not satisfy the force clause, the offense cannot qualify as a predicate offense. *See Johnson*, 559 U.S. at 138, 145 ("[N]othing in the record" permitted the court to conclude that the conviction "rested upon anything more than the least of these acts."); *see also, Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)("[W]e must presume that the conviction rested upon nothing more than the least of the acts criminalized . . ."). Mr. Winebarger's prior conviction for escape no longer qualifies as a predicate offense following the elimination of the residual clause.[14]

> **C.    Pennsylvania Burglary Is Not a Violent Felony Under the Force Clause or the Enumerated Offenses.**

In 1975, Mr. Winebarger was convicted of burglary in Centre County. (PSR ¶ 25). Although the Court determined that that this offense qualified as a "violent felony," nothing in the record shows which definition of Section 924(e)(2)(B) applied. The Court only found that Mr. Winebarger had the requisite prior convictions to qualify for the mandatory minimum term of imprisonment. (Doc. 69 at 5). However, Pennsylvania burglary is not an enumerated offense and it does

---

statute was the basis of the conviction. *See United States v. Johnson*, 587 F.3d 203, 212 n.10 (3d Cir. 2009); *Brown*, 765 F.3d at 189-90 (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

[14] Mr. Winebarger reserves the right to make any further applicable arguments following the decision of the United States Supreme Court in *Mathis*.

not have as an element the use, attempted use or threatened use of physical force against the person of another; therefore, it must have qualified under the residual clause.

The burglary offense enumerated in 18 U.S.C. § 924(e)(2)(B)(ii) is generic burglary. *Taylor v. United States*, 495 U.S. 575 (1990). Generic burglary is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. At the time of Mr. Winebarger's offense in 1975, the Pennsylvania statute provided that "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa. C.S. § 3502.[15] Occupied structure has always been defined as "[a]ny structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." 18

---

[15] Prior to 1990, burglary was always a felony of the first degree. As amended in 1990, burglary was a felony of the second degree under certain circumstances. The language was further changed in an amendment, effective September 4, 2012. Because Mr. Winebarger's prior burglary was committed in 1975, the amended versions of the statute are not implicated.

Pa. C.S. § 3501.  In fact, the government produced the charging document for Mr.

Winebarger's offense and he was charged as follows:

> Thomas David Winebarger, the Defendant[ ], did feloniously enter a
> building or occupied structure, or separately secured or occupied portion
> thereof, with intent to commit a crime therein.

(Doc. 52 at 15).  The particular building or occupied structure or separately secured

or occupied portion thereof is not further identified.

If the state statute has the same elements as the "generic" crime, then the

prior conviction can serve as a predicate offense.  *Descamps*, 133 S. Ct. at 2283

(citing *Taylor*, 495 U.S. at 599).  "But if the statute sweeps more broadly than the

generic crime, a conviction under that law cannot count as an ACCA predicate,

even if the defendant actually committed the offense in its generic form."

*Descamps*, 133 S. Ct. at 2283.  The Third Circuit has recognized that

Pennsylvania's burglary statute sweeps more broadly than generic burglary

because it includes structures that are not buildings.  *United States v. Bennett*, 100

F.3d 1105, 1109 (3d Cir. 1996) (following *Taylor*, a state burglary statute

"including places, such as automobiles and vending machines, other than

buildings," is a statute that defines burglary more broadly than Congress's generic

definition).

Pennsylvania's burglary statute sweeps more broadly because it includes within its definition of occupied structure any vehicle. "[O]ne may be guilty of [Pennsylvania] burglary for unlawfully entering an automobile or other vehicle." *Bennett*, 100 F.3d at 1109. In addition, "[b]y defining 'occupied structure' to include 'places adapted for carrying on business,' the legislature extended to businesses, which are not always confined to structures made up of walls and a roof, the same protection from intrusion it afforded to dwellings, which traditionally are within buildings." *Id.* Pennsylvania's Supreme Court has held "storage is an activity that furthers the purpose of a business. Thus, any secured facility where goods are stored is a place adapted for carrying on business and, therefore, [is] an occupied structure. . . ." *Commonwealth v. Hagan*, 654 A.2d 541, 614 (Pa. 1995)(explicitly rejecting argument that "occupied structure" must be narrowly interpreted to include only buildings or similar structures and affirming burglary conviction for unlawful entry of fenced storage lot). *See also, Commonwealth v. Evans*, 547 A.2d 1051 (Pa. Super. 1990)(finding that fenced off outdoor area was occupied structure used for carrying on business).

The United States Supreme Court made clear in *Descamps*, that the modified categorical approach may only be applied if the statute is divisible to determine which alternative element formed the basis of the defendant's conviction. 133 S.

24

Ct. at 2293. The Pennsylvania burglary statute is not divisible. It penalizes the entry of "a building or occupied structure or separately secured or occupied portion thereof." 18 Pa. C.S. § 3501. The jury need not be unanimous regarding whether the unlawful entry was of a building or occupied structure or separately secured or occupied portion of a building or of an occupied structure. Neither the suggested jury instructions nor Pennsylvania courts impose this requirement. *See* SSJI § 15.3502 (date of last revision March, 2014); *see also, Commonwealth v. Franklin*, 452 A.2d 797, 799 (Pa. Super. 1982)(treating "building or occupied structure, or separately secured or occupied portion thereof" as a single element). In *Franklin*, the Pennsylvania Superior Court explained that burglary requires proof of three elements beyond a reasonable doubt: (1) entry of a building or occupied structure, or separately secured or occupied portion thereof; (2) with the intent to commit a crime; (3) when the premises are not open. *Id.* A federal court analyzing a state statute is bound by the state court's interpretation of that statute, including its determination of the elements. *Johnson*, 559 U.S. at 138. Pennsylvania clearly treats the parts of the statute on opposite sides of the "or" as alternative means for committing the crime, not elements. Thus, the statute is indivisible. Like the

California burglary statute at issue in *Descamps*, the Pennsylvania burglary statute is overbroad and indivisible.  Thus, the inquiry is over.  *Id.* at 2286.[16]

Nevertheless, at sentencing, the government produced the charging document for Mr. Winebarger's prior burglary offense.  However, the document is of no assistance because it sets forth the entire language of the indivisible statute.  Mr. Winebarger was charged with the felonious entry of "a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein."  (Doc. 52 at 15).

Because when Mr. Winebarger was sentenced in federal court in 2011 and resentenced in 2012, *Taylor* and *Bennett* had been decided and Pennsylvania burglary did not match generic burglary, his conviction must have qualified as a violent felony under the residual clause.  Following *Johnson*, the residual clause may not serve as a basis for finding that a prior conviction is a violent felony.  Thus, Mr. Winebarger is no longer an armed career criminal.

## III.  Mr. Winebarger Is Entitled to Resentencing Pursuant to 28 U.S.C. § 2255.

### A.  *Johnson* Announced a Substantive Rule that Applies Retroactively on Collateral Review.

---

[16] Mr. Winebarger reserves the right to make any further applicable arguments following the decision of the United States Supreme Court in *Mathis*.

On April 18, 2016, the United States Supreme Court held that *Johnson* is a new substantive rule that is retroactive to cases on collateral review. *Welch v. United States*, 578 U.S. ____, No. 15-6418, 2016 WL 1551144 (April 18, 2016).

## B.    Mr. Winebarger's Claim is Timely.

A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(f)(1). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it retroactively applicable to cases on collateral review; or (4) the petitioner could have discovered, through due diligence the factual predicate for the motion. The United States Supreme Court decided *Johnson* on June 26, 2015, recognizing a new rule that is substantive and that is retroactive to cases on collateral review. Mr. Winebarger is filing his motion within one year of that date.[17]

---

[17] In May, 2016, Mr. Winebarger submitted to the Third Circuit Court of Appeals his application to file a successive motion under 28 U.S.C. § 2255 to raise the within *Johnson* claim. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C).

## Conclusion

Mr. Winebarger is entitled to relief under Section 2255 because, in light of *Johnson*, his sentence violates due process of law. He does not have three prior offenses for serious drug offenses or violent felonies. This Court should grant his Section 2255 motion and resentence him without the enhanced penalty.

Respectfully submitted,

Date: June 24, 2016

*s/Melinda C. Ghilardi*

**Melinda C. Ghilardi, Esquire**
**First Assistant Federal Public Defender**
**Attorney I.D. # PA40396**

201 Lackawanna Avenue, Suite 317
Scranton, PA 18503-1953
(570) 343-6285
FAX (570) 343-6225
melinda_ghilardi@fd.org
Attorney for Thomas Winebarger

## <u>CERTIFICATE OF SERVICE</u>

I, Melinda C. Ghilardi, First Assistant Federal Public Defender, do hereby

certify that the **Motion to Correct Sentence Under 28 U.S.C. § 2255**, filed

through the ECF system, will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing:

      Eric Pfisterer, Esquire
      Assistant United States Attorney

      Stephen R. Cerutti, II, Esquire
      Assistant United States Attorney

      Todd K. Hinkley, Esquire
      Assistant United States Attorney

and by placing the same in the United States Mail, first class in Scranton,

Pennsylvania, addressed to the following:


      Mr. Thomas Winebarger


Date:  June 24, 2016             *s/Melinda C. Ghilardi*
                                    **Melinda C. Ghilardi, Esquire**
                                    **First Assistant Federal Public Defender**